# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL FARRAR, individually and as trustee of the Minsuend Property Trust (5-15-00) and Mobile Home Park Trust UDT (5-15-00); SAN PASQUAL BAND OF MISSION INDIANS,<br><br>Plaintiffs,<br><br>v.<br><br>FLUEGGE EGG RANCH 3, INC.; FLUEGGE EGG RANCH 2, INC.; AUGUST FLUEGGE JR., individually and as trustee of the Fluegge Trust dated April 12, 2007; AND DOES ONE THROUGH TEN, INCLUSIVE,<br><br>Defendants. | Case No. 20-cv-741 DMS (AHG)<br><br>**ORDER DENYING MOTION TO DISMISS FIRST AMENDED COMPLAINT** |

Pending before the Court is Defendants' motion to dismiss Plaintiffs' First Amended Complaint based on lack of subject matter jurisdiction. Plaintiffs filed an opposition, and Defendants filed a reply. For the following reasons, Defendants' motion to dismiss is denied.

//

//

//

# I.

# BACKGROUND

Defendants have an egg farm located at 27023 N. Lake Wohlford Road, Valley Center, California, 92082 ("Egg Farm"). (FAC, ¶ 1.) Plaintiff Randall Farrar owns and manages the real property and business located at 27024 N. Lake Wohlford Road, Valley Center, California, 92082. (FAC, ¶ 2.) Plaintiff San Pasqual Band of Mission Indians owns and manages the real property located at 27220 N. Lake Wohlford Road and 16120 Woods Valley Road in Valley Center, California, 92082. (FAC, ¶2.) Plaintiffs allege that they have been damaged by the flow of polluted wastewater from the Egg Farm coming onto their properties. (FAC, ¶ 2.)

More specifically, Plaintiffs allege that the Egg Farm sends waste and water runoff into a cement culvert that is directed under N. Lake Wohlford Road. (FAC, ¶ 23.) Plaintiffs further allege that the Egg Farm's waste and water runoff goes onto and through Plaintiffs' properties and then into Moosa Canyon Creek. (*Id*.) According to Plaintiffs, Moosa Canyon Creek is recognized as "waters of the United States" under the Clean Water Act. (FAC, ¶ 24.) Plaintiffs allege that one or more water quality tests from the Egg Farm's cement culvert indicate the presence of the following pollutants: E. Coli, Enterococcus, Fecal Coliforms, and Total Coliforms. (FAC, ¶ 26.)

On December 20, 2019, Plaintiffs provided Defendants and federal and state agencies with a letter setting forth the alleged Clean Water Act violations and providing them with a 60-day notice of their intention to file a citizen lawsuit to enforce the Clean Water Act. (FAC, ¶ 8.) Since then, Plaintiffs allege that no enforcement action has been commenced by any federal or state agency and none of the Clean Water Act violations have been corrected. (*Id*.)

On April 17, 2020, Plaintiffs filed a Complaint against Defendants. On June 4, 2020, Plaintiffs filed a First Amended Complaint (FAC) because the names of the Defendants had been mislabeled in the original complaint. Plaintiffs bring a federal

1 claim pursuant to the Clean Water Act's citizen suit provision under 33 U.S.C. §
2 1365, seeking declaratory and injunctive relief, and civil penalties. (FAC, ¶ 3.)
3 Plaintiffs also bring state claims of negligence, nuisance, and trespass, seeking
4 money damages and a cleanup and abatement order. (FAC, ¶ 4.)

## II.
## LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(1) is a challenge to the court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Dismissal for lack of subject matter jurisdiction is proper only when the claim is "so insubstantial, implausible, foreclosed by prior decisions of [the Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (citations omitted). A jurisdictional attack under Rule 12(b)(1) can be either "facial" or "factual." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) (citation omitted). "A 'facial' attack accepts the truth of the plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citation omitted). "A 'factual' attack, by contrast, contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Id*. In a factual attack, as is here, the court may look beyond the complaint and consider other evidence without converting the motion to dismiss into a motion for summary judgment. *White*, 227 F.3d at 1242 (citations omitted). "The party asserting subject matter jurisdiction bears the burden of proving its existence." *See Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

//
//
//

**B. Clean Water Act**

The Clean Water Act (CWA) is intended to "restore and maintain the chemical, physical, and biological integrity of the Nation's waters." *See WaterKeepers N. Cal. v. AG Indus. Mfg., Inc.*, 375 F.3d 913, 915 (9th Cir. 2004) (quoting 33 U.S.C. § 1251). The CWA "prohibits the discharge of pollutants into United States waters except as authorized by the statute." *Id.* (citing 33 U.S.C. § 1311). The CWA is administered through the National Pollutant Discharge Elimination System (NPDES) permit program, and "[t]he discharge of pollutants without a NPDES permit, or in violation of a permit, is illegal." *Id.* (citations omitted). Much of the responsibility for administering the NPDES permitting system has been delegated to the states. *Id.*

The CWA permits private citizens to bring a lawsuit against any person "alleged to be in violation" of the CWA. 33 U.S.C. § 1365(a)(1). Before a lawsuit can be commenced, the citizen must give a 60-day notice of their intent to sue. 33 U.S.C. § 1365(b)(1)(A). The purposes of the notice are to give government agencies an opportunity to enforce environmental regulations without the need for a citizen suit, and to give the alleged violator an opportunity to bring itself into complete compliance with the CWA and thus likewise render unnecessary a citizen suit. *See Ctr. For Biological Diversity v. Marina Point Dev. Co.*, 566 F.3d 794, 800 (9th Cir. 2009) (citation and quotation marks omitted).

The CWA "does not permit citizen suits for wholly past violations"; rather, the statute "confers jurisdiction over citizen suits when the citizen-plaintiffs make a good-faith allegation of continuous or intermittent violation." *Nat. Res. Def. Council v. Sw. Marine, Inc.*, 236 F.3d 985, 998 (9th Cir. 2000) (citation omitted). "The citizen plaintiff, however, need not prove the allegations of ongoing noncompliance before jurisdiction attaches." *Sierra Club v. Union Oil Co. of California*, 853 F.2d 667, 669 (9th Cir. 1988). Rather, the plaintiff need only satisfy the good-faith pleading requirements set forth in Rule 11 of the Federal Rules of Civil Procedure. *Id*. The citizen plaintiff's allegations must be based on good-faith beliefs, "formed

after reasonable inquiry," that are "well grounded in fact."  *Id.* (quoting Fed. R. Civ. P. 11).

### III.
### DISCUSSION

Defendants move to dismiss on the ground that Plaintiffs' claims are moot because (1) there are no continuing and ongoing violations under the CWA; and (2) the issuance of a state waiver implies that there is no federal issue under the CWA. (Mot. to Dismiss at 7.)

In seeking to have a case dismissed as moot, the defendant's burden is a "heavy one" where the defendant must demonstrate that it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.*, 484 U.S. 49, 66 (1987) (citations omitted).  The "[m]ootness doctrine thus protects defendants from the maintenance of suit under the [CWA] based solely on violations wholly unconnected to any present or future wrongdoing, while it also protects plaintiffs from defendants who seek to evade sanction by predictable protestations of repentance and reform." *Id.* at 66-67 (citation omitted).  "It is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (citation omitted).  When a defendant seeks to moot an action based on the voluntary cessation of the conduct constituting a violation, courts apply a "stringent" standard.  *Id.*

Here, Plaintiffs contend that Defendants "failed, and continues to fail, to properly manage and operate its Egg Farm facility with a Clean Water Act pollution discharge permit or any waiver or exception therefor." (FAC, ¶ 4.)  Plaintiffs allege that Defendants "caused, and continues to cause, the flow and deposition of pollutants and contaminates into and through Plaintiffs' properties, and further downgrade properties, including lower Moosa Canyon Creek."  (FAC, ¶ 25.)

Plaintiffs assert that one or more water quality tests from the Egg Farm's point source cement culvert and discharge point indicate various levels of pollutants. (FAC, ¶ 26.) Plaintiffs allege that Defendants are in violation of various CWA requirements regarding recording, monitoring, and reporting the Egg Farm's discharge of pollutants. (FAC, ¶¶ 38, 41.) Finally, Plaintiffs specifically allege that violations of the CWA will be ongoing and therefore ask the Court for declaratory and injunctive relief. (FAC, ¶ 45.) The Court finds that Plaintiffs sufficiently allege a continuous and ongoing pattern of noncompliance with the CWA.

On the other hand, Defendants contend that they remedied all alleged violations in the FAC before Plaintiffs filed their complaint. (Mot. to Dismiss at 7.) Defendants submit their Application and Notice of Intent for Conditional Waiver to the California Regional Water Quality Control Board (RWQCB) as evidence which purportedly establishes that Defendants remedied all deficiencies at the Egg Farm. (*Id*.) In their RWQCB Application, Defendants simply state that "manure is stored on plastic tarp and covered if precipitation is forecasted within 24 hours" and that "manure is disposed of at least every two weeks" in their RWQCB Application. (Mot. to Dismiss, Exh. 1.) Defendants also contend that the issuance of a RWQCB waiver on June 12, 2020, which is after Plaintiffs filed their complaint, further implies that there is no violation of the CWA. (Mot. to Dismiss at 8.) Defendants argue that their application for, and issuance of, the RWQCB waiver render the lawsuit moot. However, while "matters of public record" are proper subjects of judicial notice, a court may take notice only of the existence and authenticity of an item, not the truth of its contents. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001). The Court does not take judicial notice of the truth of the content of the RWQCB application or waiver because the parties contest the facts in both documents. The Court finds that Plaintiffs allege a continuous and ongoing pattern of noncompliance with the CWA, and Defendants do not meet their "heavy burden" to show that "the allegedly wrongful behavior could not reasonably be expected to

recur." The Court denies Defendant's motion to dismiss for lack of jurisdiction on mootness grounds at this early stage of the case.

Finally, Defendants argue that if no CWA claims remain, the Court should dismiss the state claims for lack of supplemental jurisdiction. (Mot. to Dismiss at 11.) However, because the Court has denied Defendants' motion to dismiss the federal claims in this case, the Court will retain supplemental jurisdiction over the state claims at this time.

## IV.
## CONCLUSION AND ORDER

For the reasons set out above, Defendants' motion to dismiss is DENIED.

**IT IS SO ORDERED.**

Dated: December 31, 2020

Hon. Dana M. Sabraw
United States District Judge